# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**CHARLES HAIR,**
        Petitioner,

vs.                               5:09cv41/RH/MD

**WARDEN C. EICHENLAUB,**
        Respondent.

## REPORT AND RECOMMENDATION

       This case is before the court upon a Motion to Dismiss or in the Alternative Motion for Summary Judgment (doc. 7) on the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). Petitioner has filed a response entitled "Motion of Response and Alternative Motion to Vacate," (doc. 10), and a motion to dismiss (doc. 11).

       Petitioner was convicted in the Middle District of Florida of four charges relating to child pornography. (Doc. 7, exh. 1). Defendant's sentence was affirmed on his latest appeal on November 7, 2008. (Doc. 7, exh. 3).[1] It does not appear from the docket sheet submitted as an exhibit to the government's motion that any post-conviction motions have been filed. (Doc. 7, exh. 1). In the instant petition for writ of habeas corpus, defendant raises three grounds for relief. First he contends that at the time he was charged with his crimes of conviction, as set forth in the superseding indictment, the law was not yet in effect, thus leading to an ex post facto violation. His second claim was that the government lacked jurisdiction over the charged offense as no child pornography was ever sent in interstate commerce. Third, he maintains that the government did not have a

---

1 The full procedural history of petitioner's case, including appeals, is set forth in the government's motion to dismiss. (Doc. 7).

proper search warranted and thus that the evidence obtained against him should not have been used at trial.

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The continuation or execution of an initially valid confinement is generally the sole issue in a §2241 action. See *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); see also *Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence, as here, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Jordan,* 915 F.2d at 629; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985). Petitioner states that he does not want the instant petition to be treated as a § 2255 motion. However, petitioner is not the master of his case in this respect. The relief sought is relief typically awarded through a motion to vacate pursuant to 28 U.S.C. § 2255. To the extent petitioner seeks to avoid any applicable procedural bars of § 2255, he may not do so by the manner in which he chooses to characterize his submission. A defendant who filed a previous § 2255 motion and was denied relief or a defendant who failed to file a § 2255 motion at all may not circumvent the procedural rules governing § 2255 motions simply by filing a petition under § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d at 1244; *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong means a petitioner's claim fails. See *Wofford,* 177 F.3d at 1244; *Flint v. Jordan*, 514 F.3d 1165, 1168 (11th Cir. 2008).

It is well established that section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. See, e.g., *Wofford, supra; Triestman v. United States,* 124 F.3d 361, 376 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not rendered "inadequate or ineffective" simply because a prior claim under that section has been denied or disallowed, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), or because petitioner has been denied permission to file a second or successive § 2255 motion, *see Darby,* 405 F.3d at 945; *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford,* 177 F.3d at 1245; *Davenport*, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, see *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2nd Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). And, section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3rd Cir. 2002); *Haugh v. Booker*, 210 F.3d 1147 (10th Cir. 2000). Because petitioner has not shown his entitlement to proceed under § 2241, the government's motion to dismiss should be

granted. Petitioner's motion to dismiss appears to be only a renewed request for relief, should be denied.

Accordingly it is respectfully RECOMMENDED:

That the government's motion to dismiss or in the alternative motion for summary judgment (doc. 7) be GRANTED; and

That petitioner's motion to dismiss (doc. 11) be DENIED.

At Pensacola, Florida this 25th day of August, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).